### 1983. SOUTHLAND LUMBER COMPANY v. BALES.

The facts recited in the amended motion for a new trial made a case peculiarly for the exercise of judicial discretion by the trial court, and such discretion was not abused by the judgment overruling the motion.

Complaint; from city court of Dublin—Judge Jordan presiding. May 14, 1909.

Submitted July 20,—Decided December 24, 1909.

William Bales sued the Southland Lumber Company on an open account. The defendant filed a plea of the general issue. The jury found a verdict in favor of the plaintiff, and the defendant's motion for a new trial was overruled. The plaintiff in error, in the brief filed in its behalf in this court, presents the following reasons why a new trial should have been granted: When the court called the case in its order for trial, the attorney who was marked on the docket for the defendant requested the court to strike his name from the docket as such attorney. The judge did so, and announced that he would pass the case until the following day, when it would be in order for trial. On the following day, when the case was again called for trial, the defendant was not present in person or by attorney, and no one was marked on the docket as representing it. The court thereupon instructed the plaintiff to make out his case, which was done, and the jury was directed to find a verdict accordingly. During the noon recess of the court on the day on which the case was first sounded for trial and the defendant's attorney had his name stricken from the docket, this attorney saw the defendant in person, and made arrangements to represent the defendant in the trial of the case. He did not, however, have his name marked upon the docket as attorney for the defendant. On the next morning, when the court convened at 8:30 o'clock, this attorney obtained leave of absence from the judge until nine o'clock. When he obtained this leave of absence he did not inform the judge that he represented the defendant. While he was absent from court under his leave, the case was called for trial as above stated. On the day that the case was first sounded on the docket and the attorney then marked for the defendant had the court to strike his name as such attorney, the manager of the defendant company was personally informed that the case had been called by the court, and that his attorney had had his name stricken from the docket as representing the defendant, and had announced in open court that he no longer represented the defendant; and he was further informed that the case had been passed until the next day for trial, and that he had better secure counsel to look after the case, and it was suggested to him that he see at once the attorney

who had had his name stricken, and was told that if he did not employ an attorney by the following day, when the case would be called in its order on the calendar for trial, the court would render judgment by default. As another reason why a new trial should be granted, it is insisted that the court at a previous term had stricken the case from the docket for the want of prosecution, and that the case had never been formally reinstated by an entry of that fact on the docket; but it also appears, in this connection, that a few minutes after the case had been stricken from the docket for want of prosecution, it was, by consent of counsel for the defendant, reinstated by the court, although an order for such reinstatement had not been formally entered. The foregoing statement of the facts is condensed from the motion for a new trial, as explained and approved by the court, and from the affidavits filed in support of the motion.

*P. L. Wade, J. S. Adams,* for plaintiff in error.

*J. E. Burch,* contra.

HILL, C. J. (After stating the foregoing facts.)

The question raised by the foregoing facts is so peculiarly one of judicial discretion that this court would not feel authorized to interfere, unless such discretion was manifestly abused. Under the movant's own presentation of the facts, we think the court did not abuse his discretion in refusing to grant another trial. It is perfectly true, as claimed by counsel for the plaintiff in error, that where an attorney is absent by permission of the court, the court should take no action in his case during the time when he is absent by leave of the court; and it is hardly to be presumed that a trial judge would make any disposition of a case during the absence of an attorney in a case under leave. Here, however, the court was informed that the attorney to whom he had granted a short leave of absence was not in fact the attorney for the defendant against whom the verdict was rendered on the following day; and, when the case was called in its order for trial, the defendant appeared to be unrepresented, and, so far as the court knew, the situation had not changed since the announcement on the previous day. The court had no knowledge that the attorney whose name had been stricken on the previous day had subsequently been employed and was again representing the defendant. This knowledge the court could not have had unless such information had been given to him

by the attorney himself, or by the party, or by an entry on the docket. The attorney had every opportunity to have so informed the court on the afternoon of the day before the trial, and on the morning just before the case was tried, when he asked for leave of absence. It was his duty, knowing that he had asked the court to strike his name as defendant's counsel on the day before, and that the case was in order for trial, to inform the court that he had subsequently been employed by the defendant and was then representing it. Not only is this so, but the party, by the exercise of proper diligence, should have had this information conveyed to the court in person, or by having a proper entry of the fact made upon the docket. The manager of the defendant company was specifically informed on the day before that the court had stricken the name of his attorney, in compliance with that attorney's request; that the case would be continued until next day, when it would be in order for trial, and that unless the defendant was then represented, judgment would be entered by default against it. It is therefore clear to our minds that both counsel and party were guilty of such laches as to preclude them from any relief from the court. The defendant does not set out in the affidavits in support of its motion for a new trial any facts which would tend to show that it had a meritorious defense to the suit. It contents itself with the general statement that it did have a meritorious defense, but leaves to the imagination of the court the facts showing that defense. Before it would have the right to expect relief from the result of its own negligence, it should at least show that injustice had been done. Of course, the contention that the court was not authorized to call the case, because at the previous term it had been stricken from the docket and had not been formally reinstated, is untenable under the facts. The court, immediately after dismissing the case for want of prosecution, announced that he would reinstate the case, and this announcement was made by consent of the attorney who then represented the defendant. No formal order was necessary to reinstate the case, especially as no formal order of dismissal had been taken; and if such formal order had been necessary, it could have been taken nunc pro tunc. The fact that the court had called the case for trial was a sufficient publication of the fact that the case had been reinstated and was open on the docket. The plaintiff clearly proved his case, and the special facts contained in the

motion for new trial as amended present no just or valid reason why the verdict should be disturbed.          *Judgment affirmed.*